UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

WILL ANDERSON PUENTE RONDON,

               Petitioner,

v.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT et al.,

               Respondents.

_____/

Case No. 1:26-cv-1635

Honorable Robert J. Jonker

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I.     Procedural History

Petitioner initiated this action in the United States District Court for the Eastern District of Michigan. (Pet., ECF No. 1.) The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (*Id.*, PageID.6.)[1] Respondents filed their

---

[1] In addition to filing the § 2241 petition, Petitioner also filed several motions in this action, seeking expedited review of the case, a temporary restraining order restricting Respondents from taking certain actions during the pendency of the case, and immediate release or an immediate bond hearing. (ECF Nos. 2, 3, 11, 12.) Petitioner also filed a motion requesting a status update. (ECF

response on March 27, 2026. (ECF No. 7.) Petitioner filed a reply on May 5, 2026. (ECF No. 8.) Thereafter, the Eastern District of Michigan transferred the action to this Court. (ECF No. 14.)

## II.    Factual Background

Petitioner is a native and citizen of Venezuela. (Notice to Appear (NTA), ECF No. 7-4, PageID.97.) The Department of Homeland Security (DHS) permitted Petitioner to enter the United States in June of 2023,[2] and Petitioner has remained in the United States since that time. (*See id*.)

On February 23, 2026, Department of Homeland Security (DHS) agents encountered and arrested Petitioner. (Form I-213, ECF No. 7-2, PageID.90, 92.) Respondents have not provided Petitioner an individualized bond hearing before an immigration judge as contemplated by 8 U.S.C. § 1226(a).[3]

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

---

No. 13.) As set forth in this opinion, the Court will conditionally grant Petitioner's § 2241 petition. In light of this, the entry of the Court's opinion and corresponding judgment moots Petitioner's pending motions.

[2] Petitioner was paroled into the United States for a period of two years. (*See* Form I-94, ECF No. 1, PageID.18.) Petitioner does not contend that he remained paroled at the time that he was arrested by DHS. (*See generally* Pet., ECF No. 1.)

[3] The materials submitted by the parties do not suggest that Petitioner is subject to a final order of removal or that Petitioner is subject to detention under 8 U.S.C. § 1226(c).

## IV.    Merits Discussion

### A.    Statutory Basis for Petitioner's Detention

Based on the facts presented by the parties, and the reasoning of the Sixth Circuit Court of Appeals in *Lopez-Campos v. Raycraft*, Nos. 25-1965, 1969, 1978, 1982, 2026 WL 1283891 (6th Cir. May 11, 2026), the Court concludes that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention.[4]

### B.    Fifth Amendment Due Process Considerations

The Fifth Amendment guarantees that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. In *Lopez-Campos*, the Sixth Circuit Court of Appeals explained:

> Noncitizens who have "passed through our gates, even illegally, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law." *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953); *see also Yamataya v. Fisher*, 189 U.S. 86, 100–01 (1903). Thus, noncitizens within the interior of the United States are entitled to the protections of the Due Process Clause, "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "It is well established that the Fifth Amendment entitles aliens to due process of law in [removal] proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993*); see also Demore v. Kim*, 538 U.S. 510, 523 (2003). Consequently, the government may not deny "notice" or "an opportunity to be heard" to a noncitizen "who has entered the country, and has become subject in all respects to its jurisdiction, and a part of its population, although alleged to be illegally here." *Yamataya*, 189 U.S. at 100–01.

---

[4] Additionally, for the same reasons set forth in *Hernandez Montiel v. Raycraft*, No. 1:25-cv-1610, 2026 WL 32076 (W.D. Mich. Jan. 6, 2026), the Court disagrees with Respondents' argument that Petitioner's detention is governed by § 1225 due to his manner of entry into the United States.

To the extent that Respondents argue that Petitioner is detained under 8 U.S.C. § 1225(b)(1), which applies to noncitizens in expedited removal proceedings, that is unpersuasive. After Petitioner entered the United States at a port of entry, he was issued a Form I-862, Notice to Appear, which stated that Petitioner was "[i]n removal proceedings under section 240 of the Immigration and Nationality Act," (i.e., standard, non-expedited removal proceedings). (*See* NTA, ECF No. 7-4, PageID.97.) There is no indication in the record before the Court that Petitioner was ever in expedited removal proceedings.

*Lopez-Campos*, 2026 WL 1283891, at \*11. The Sixth Circuit therefore upheld the lower courts'

determinations the government's detention of the *Lopez-Campos* petitioners "without bond under

§ 1226(a) was a deprivation of liberty that violated [their] due process rights." *Id*. at \*13.

Petitioner is likewise detained under § 1226(a) and has been denied an individualized bond

hearing. Therefore, the Court concludes that Petitioner's current detention under the mandatory

detention framework set forth in § 1225(b)(2)(A) violates Petitioner's Fifth Amendment due

process rights. *See id.*; *see also Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651,

at \*6–8 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL

3562638, at \*7–8 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025

WL 3562577, at \*7–9 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland*

*Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at \*6–8 (W.D. Mich. Dec. 12, 2025).

## V.      Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein,

the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## VI.      Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent

in this action. They seek the dismissal of the other named Respondent. The Court concludes

that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set

forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v.*

*Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at \*8–9 (W.D. Mich. Dec. 12, 2025);

*Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at \*8–9 (W.D. Mich. Dec. 12,

2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at \*9–10 (W.D. Mich. Dec.

12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128,

at \*9–10 (W.D. Mich. Dec. 12, 2025). To ensure that this Court's orders regarding habeas relief

4

will bind at least one Respondent with authority to act in the event that Petitioner is transferred outside the area under the authority of the ICE Detroit Field Office, the Court will retain all of the remaining Respondents.

### Conclusion

For the reasons discussed above, the Court will enter a judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[5] The Court will order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of this Court's opinion and judgment with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody.[6] The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if

---

[5] Respondents have acknowledged and applied *Lopez-Campos*'s holding in some cases since May 11, 2026.  *See, e.g.*, Resp., ECF No. 3, *Paredes Colinas v. Unknown Party*, No. 1:26-cv-01686, PageID.12 (W.D. Mich. May 29, 2026) (acknowledging that a petitioner "is entitled to a custody redetermination hearing in immigration court" under *Lopez-Campos* when the petitioner had not presented himself at the border).  When Respondents have committed to applying the holding from *Lopez-Campos*, the Court has generally ruled that the petitioner must give the government the opportunity to make good on its commitment, resulting in dismissal without prejudice for failure to exhaust administrative remedies.  *See* Op., ECF No. 5, *Paredes Colinas v. Unknown Party*, No. 1:26-cv-01686, PageID.19 (W.D. Mich. June 2, 2026).  Respondents do not, however, appear to believe that *Lopez-Campos*'s holding applies when a petitioner originally presented himself or herself at the border and was subsequently allowed to enter the country.  *See* Resp., ECF No. 6, *Chehaydi v. Raycraft*, No. 1:26-cv-01519, PageID.187 (W.D. Mich. May 14, 2026) (stating that the petitioner was not entitled to a custody redetermination hearing when he had presented himself at the border).  Because Respondents have not committed to applying *Lopez-Campos*'s holding to this case—and because they do not seem likely to do so—the Court will not require Petitioner to seek a bond hearing and will instead order Respondents to provide him with one.

[6] This Court has adopted a standard practice of requiring such a hearing within five business days, even if the Petitioner requests a deadline that is shorter or longer or only release.

and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:   June 9, 2026                          /s/ Robert J. Jonker
                                               Robert J. Jonker
                                               United States District Judge